**Isabelita MAS, Plaintiff, Appellant,**

v.

**UNITED STATES of America, et al., Defendants, Appellees.**

No. 92–1392.

United States Court of Appeals, First Circuit.

Heard Nov. 2, 1992.

Decided Jan. 28, 1993.

Order Denying Rehearing En Banc and Certification March 9, 1993.

Order Denying Rehearing March 9, 1993.

José A. Fuentes–Agostini, with whom Domínguez & Totti, were on brief for plaintiff, appellant.

Fidel A. Sevillano–Del Río, Asst. U.S. Atty., with whom Daniel F. López–Romo, U.S. Atty., was on brief, for defendant, appellee U.S.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, SKINNER,* District Judge.

* Of the District of Massachusetts, sitting by designation.

TORRUELLA, Circuit Judge.

This appeal requires us to delve into the tort law of Puerto Rico. Appellant sued the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for damages arising out of a slip-and-fall accident. The district court judge dismissed the suit, finding that appellant failed to establish any negligence leading to the accident. 784 F.Supp. 945. Appellant contends that the district court judge incorrectly construed Puerto Rico law in requiring that showing. We disagree with appellant and thus affirm.

## THE FACTS

The facts are rather simple. Appellant was shopping at the army commissary in Fort Buchanan, Puerto Rico. Approaching the checkout counter with her groceries, she slipped on some milk and sustained serious injuries. Several people came to her assistance, including a commissary employee. According to appellant, the employee indicated that she knew about the milk prior to the accident and expressed regret at not cleaning it up earlier. The employee, Ms. Toledo, denies making these statements or having any knowledge of the spilt milk prior to the accident.

Appellant filed an FTCA claim against United States in the District Court of Puerto Rico. As the FTCA directs the district court to employ local tort law, the district court applied the laws of Puerto Rico. The district court judge thus found that appellant was a business invitee at the commissary because she was a shopper. The district court judge also found that local law required appellant to establish that the commissary was negligent before the commissary could be liable for her injuries. Specifically, the district court judge imposed upon the plaintiff the burden of showing that the store owner had actual or constructive notice of the dangerous condition and time to cure it.

After hearing from the witnesses at the bench trial, the district court judge determined that there was insufficient evidence to show negligence by the commissary. The district court judge found the testimony of Ms. Toledo more credible than the testimony of appellant as to whether the

commissary knew of the milk. Lacking such evidence, the district court dismissed appellant's claim.

## LEGAL ANALYSIS

The issue in this case is whether Puerto Rico law imposes a burden upon business invitees who suffered a slip-and-fall to show that the store owner possessed notice and an opportunity to cure. Puerto Rico law is unclear on this point. We therefore trace the development of Puerto Rico law to divine the result that the Puerto Rico Supreme Court would have reached in this case.

Our analysis begins with the Puerto Rico civil code. Section 5141 provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." P.R.Laws Ann. tit. 31, § 5141 (1991). The statute does not define "fault or negligence" in a business invitee slip-and-fall situation, but the Puerto Rico Supreme Court has addressed this issue on several occasions. The Court's pronouncements, however, have been inconsistent. We are required to analyze the cases in an attempt to reach the correct result in this case. We proceed in chronological order.

We begin with *Gutiérrez v. Bahr*, 78 D.P.R. 473, 474–75 (1955), in which a man was injured in a watch repair shop by a fan. From these facts the Court set forth the two basic principles behind § 5141. First, as a "universal legal principle," store owners *must* maintain their store in a safe condition for any person induced to enter. *Id.* at 474. Second, the duty only extends to acts or omissions caused by "fault or negligence." *Id.* In *Gutiérrez*, the Court found that the store owner was negligent in maintaining the fan, as the fan presented an unreasonable risk of danger to invitees. While shedding little light on the instant slip-and-fall situation, the underpinning of § 5141 set forth in *Gutiérrez* has guided subsequent decisions on business invitee torts by the Puerto Rico Court.

The Court followed the instruction of *Gutiérrez* in *Goose v. Hilton Hotels*, 79

D.P.R. 523 (1956). In *Goose*, hotel guests wearing bathing suits were required to use a certain elevator and stairway to go to the pool. The stairway was wide and slippery, but equipped with only one railing. Because of the stairway's condition, a hotel guest fell. Focussing on the fact that the stairs should have had more than one railing, the Court found the stairway unreasonably and foreseeably dangerous. From this finding, the Court determined that the hotel possessed constructive knowledge of the danger. As the requirements of § 5141 were satisfied, the Court imposed liability upon the hotel. The Court also noted that store customers "generally expect[ ] that the aisles and passage ways open to customers are free from ... slippery spots." *Id.* at 530 n. 2.

In *Aponte v. Meléndez*, 87 P.R.R. 619 (1963), the Court revised its views on the requirements of § 5141 and the lessons of *Goose*. There, a shopper at a food store slipped on a banana peel. The shopper sued under § 5141, but the trial Court rejected her claim because she failed to show that the store had constructive knowledge of the banana peel on the floor. The Puerto Rico Supreme Court reversed, however, finding that the defense of a lack of constructive knowledge was not viable in § 5141 cases. The Court cited *Goose* for the proposition that shopowners must keep public areas free of "slippery spots," while ignoring the language in *Goose* concerning actual or constructive knowledge.

By doing away with the knowledge element of § 5141, *Aponte* imposed a strict liability or, as the Puerto Rico courts sometimes say, a *res ipsa loquitur* standard upon store owners, in which a dangerous condition in the store led to a per se finding of negligence. *Cf. Dopico–Fernández v. Grand Union Supermarket*, 841 F.2d 11, 15 (1st Cir.1988) (citing *Aponte* and *Goose:* "[t]he clear rule in Puerto Rico is that an owner of an establishment is potentially liable for *all* injuries occurring in areas where he has retained control") (emphasis added). In the cases before *Aponte*, the Court discussed § 5141 in terms of negligence; in *Aponte* the Court switched to *res ipsa loquitur* liability.

The Puerto Rico Supreme Court followed the instruction of the *Aponte* case in a line of cases imposing liability on the store owner when a dangerous condition existed, without a specific finding of knowledge of the condition. *See, e.g., Feliciano v. Escuela de Enfermeras,* 94 P.R.R. 509 (1967). In *Feliciano*, plaintiff alleged that some water caused her to slip on defendant's steps. The Court disregarded plaintiff's allegation, but imposed liability anyway because even when dry, the steps were smooth and "at times" slippery. *See also Rivera v. Supermercados Amigo, Inc.*, 106 D.P.R. 657 (1977) (store owners must keep inside of their stores in safe condition, but they owe lower level of duty as to parking lots).

Notably, in the *Feliciano* case four justices joined in a vigorous dissent.[1] The dissenters argued that the Court imposed liability without any showing of actual or constructive knowledge of water, or any other dangerous condition, which caused plaintiff to slip. The dissenters concluded that the majority had imposed a *res ipsa loquitur* standard on the property owner: because a slip-and-fall occurred, the Court presumed that the owner was negligent. The dissenters found the majority's holding contrary to the weight of Puerto Rico negligence law, but failed to acknowledge *Aponte*.

In seeming response to the concerns of the dissent in Feliciano, the Court incorporated language of actual and constructive knowledge in its opinion in *Cotto v. Consolidated Mutual Insurance Co.*, 116 D.P.R. 644 (1985). In *Cotto*, a shopper fell while she was walking to an escalator at a department store. She sued, alleging that the floor was slippery. She did not, however, allege that any foreign matter on the floor caused the slipperiness.

The Court disallowed her claim, finding her bare allegation that the floor was slippery insufficient to impose liability. The Court stated that its previous cases, including *Gutiérrez, Goose,* and *Aponte,* "imposed liability when [the cases] involved *existing dangerous conditions* within the business premises in question, which conditions were *known to the owners or should have been known to them.*" *Id.* at 650.

1. A total of nine Justices sat on the Puerto Rico Supreme Court when *Feliciano* was decided.

Thus, actual or constructive knowledge of the hazard was an element of the tort.

The Court went on, however, to base its holding on the lack of a dangerous condition in the store. This holding was consistent with the *Aponte* line of cases, in which the inquiry focussed on the existence of a dangerous condition. The *Cotto* language on actual or constructive knowledge, on the other hand, was not consistent with those cases. Indeed, a cite to *Aponte* for the proposition that knowledge of the hazard is an element of the tort was incorrect.

This leaves us in the uncomfortable position of choosing whether to follow the *Aponte* line of cases, in which actual or constructive knowledge is not an element of the tort, or whether to follow *Cotto* and the cases prior to *Aponte*, under which such knowledge is an element of the tort.

We believe that *Cotto* and the cases prior to *Aponte* are more consistent with the language of § 5141, and thus contain the correct result in this case. Those cases give effect to all of the language of the statute, including the language concerning fault and negligence. In contrast, *Aponte* and its progeny virtually deleted those words from the statute. Furthermore, *Cotto*, as the most recent case, provides the most authoritative description of the current state of the law. To the extent that its language is inconsistent with *Aponte* and its progeny, *Cotto* represents an evolving understanding of § 5141. To disregard *Cotto* thus would require us to select potentially outdated law.

As we find *Cotto* to reflect the current state of the law in Puerto Rico, we agree with the district court on the result of this case. Section 5141 requires, as an element, an affirmative showing by the plaintiff that the defendant was negligent. This showing, in turn, requires a demonstration that the defendant has either actual or constructive knowledge of a dangerous condition. As the plaintiff failed to meet this burden, the district court properly dismissed the case.

*Affirmed.*

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, TORRUELLA, SELYA, CYR, BOUDIN, STAHL, Circuit Judges.

## ORDER OF COURT

Entered: March 9, 1993

Petitioner requests that we convene an *en banc* panel to certify this case to the Supreme Court of Puerto Rico, notwithstanding that this prayer was not made to the district court, and in fact, was never made to us until after the panel decision issued. We decline this tardy invitation. *See Croteau v. Olin Corp.*, 884 F.2d 45 (1st Cir.1989) (declining to certify the case when certification was not sought in the district court).

The petition for rehearing en banc and further certification of issue to Supreme Court of Puerto Rico is *denied.*

## ORDER OF COURT

Entered: March 9, 1993

The petition for rehearing is denied. See Internal Operating Procedure X.C.