**FIGUEROA–GARCIA, Plaintiff(s)**

v.

**UNITED STATES of America, Defendant(s).**

No. CIV.02–2748 (JAG).

United States District Court, D. Puerto Rico.

March 30, 2005.

Anthony L. Bini del Valle, Buchanan Office, Javier Quinones–Rosado, San Juan, PR, for Plaintiff.

Lisa E. Bhatia–Gautier, United States Attorney's Office, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 2, 2002, Plaintiff filed suit against the United States for the injuries sustained from the accident under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). (Docket No. 1). On July 30, 2004, the United States filed a Motion for Summary Judgment.(Docket No. 19). Plaintiff subsequently filed her opposition. (Docket No. 23). On December 07, 2004, the Court referred the Motion for Summary Judgment to Magistrate–Judge Justo Arenas for a Report and Recommendation on the dispositive filing. On January 11, 2005, the Court received a recommendation from the Magistrate–Judge, advising the Court to deny defendant's motion given that there were issues of material fact that precluded judgment as a matter of law. (Docket No. 30).

Before the Court are the United States' objections to Magistrate–Judge Arena's Report and Recommendation. (Docket No. 34). After reviewing the Magistrate's findings, as well as defendant's objections, the Court **ADOPTS** the Report and Recommendation.

### I. *Factual Background*

On December 22, 2000, plaintiff Luz Figueroa–Garcia ("Figueroa") slipped and fell while pushing a grocery cart down the exit ramp of the post exchange ("PX") at the Muñiz Air Force Base in Carolina. The ramp was wet when defendant's fact witness went to inspect the site after the plaintiff suffered the fall. (Docket No. 23 at Exh. 5,6). On that day, Figueroa filed an accident report with a store employee [1] and immediately went to Ashford Presbyterian Community Hospital to receive medical treatment (*Id.* at Exh. 10). There, Figueroa was treated for a left leg trauma (abrasion) and lower extremity pain. (*Id.*) After her X–Ray showed no fractures or dislocation, Plaintiff was given pain medication and was discharged from the emergency room with instructions to see an orthopedist. (Deft's. SUF Nos. 6, 7)

On January 24, 2001, Figueroa visited an orthopedist, whose diagnostic impression was right leg periosteitis. At that time she was treated with the use of a posterior leg splint. (Docket No. 23 at Exh. 11). On January 27, 2001, Figueroa attended a follow-up appointment where she was treated with the use of a short leg cast. (*Id.*). Plaintiff did not respond to the medical treatment she was receiving through follow-up visits, consequently, on October 24, 2001, Figueroa consulted another orthopedist who diagnosed her with a torn meniscus that required surgery. (Id.). On November 16, 2001, plaintiff underwent an outpatient arthroscopic right knee surgery and received the appropriate postoperative care. (Def's SUF No. 12) Subsequently, Figueroa received physiotherapy treatment for both knees and her right ankle. (*Id.*). Figueroa now complains of persistent left knee pain and stiffness, triggered by prolonged walking. (*Id.*)

### II. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local

---

1. To this date, the accident report has not been produced by defendants.

Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). Since defendants have filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R.1998).

### III. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that justifies court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

In its motion, the United States argued that it was entitled to judgment as a matter of law because 1) Figueroa failed to establish that the United States had actual or constructive knowledge that a dangerous condition existed on the premises

where the accident occurred, and that 2) the damages sustained by the plaintiff were too remote in time to have been proximately caused by her fall on defendant's premises.

After entertaining the parties' filings, Magistrate Judge Arenas found that plaintiff had provided sufficient evidence[2] to establish an issue of material fact regarding the existence of a dangerous condition in the premises and defendant's knowledge of such condition. Magistrate Judge Arenas found that plaintiff showed that there was 1) a built-in planter, contiguous to the ramp where plaintiff fell, where the plants were watered by employees with a water hose connected to a faucet in the planter, 2) the area where plaintiff fell had mildew on the tiles and grout adhered to the ramp, and 3) the ramp floor was missing anti-slippery black strips or the same were worn out.

As to the issue of the remoteness of the injuries sustained, Magistrate Judge Arenas found that given that the record showed that Figueroa was reasonably diligent in pursuing medical attention for her ailments, and that the time elapsed between the alleged negligent act and the treatment sought by plaintiff was not so far removed as to conclude that the damages sustained were not the proximate cause of defendant's negligence.

In its objections to the Report and Recommendation, the United States contends that the Magistrate–Judge erred in finding that the facts presented by plaintiff gave rise to an inference that the defendant had constructive knowledge of a dangerous condition which defendant should have known and failed to correct. The defendant relies on *Clemente v. Carnicon–Puerto Rico Management Associates*, 52 F.3d

383 (1st Cir.1995) and *Mas v. United States*, 984 F.2d 527 (1st Cir.1993) to argue that plaintiff has failed to establish the essential elements of actual or constructive knowledge in slip and fall cases which are 1) the circumstances under which the water got to the ramp, 2) how the area became wet, 3) when it got wet, and 4)for how long it had been in that condition.

■ Under Puerto Rico law, a landlord is not an insurer of the safety of business visitors, and his duty extends only to the exercise of reasonable care for their protection. There is no liability for harm resulting from dangerous conditions of which he does not know, and which a reasonable inspection would not have discovered, or from conditions from which no unreasonable risk was to be anticipated. Likewise, in the usual case, there is no obligation to protect the visitor against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be able to protect himself. The visitor is entitled, however, to assume that proper care has been exercised to make the premises safe for him, and he is not required, as in the case of a licensee, to be on the alert for possible defects. *See Mas* 784 F.Supp. at 948, citing *Goose v. Hilton Hotels International, Inc.*, 1956 WL 12921, 79 D.P.R. 523 (1956).

■ Upon a *de novo* review of the Magistrate Judge's findings, the Court concludes that Figueroa has, in fact, established genuine issues of material fact that preclude this Court from finding, at this juncture, that the defendant lacked constructive knowledge of the condition that allegedly caused plaintiff's injury. The proximity of the plants that were occasion-

---

2. In her opposition, Figueroa submitted photographs of the area where the accident occurred which were taken on August 27, 2003. During depositions, defendant's fact witnesses corroborated that the ramp-area, shown in the pictures, had not suffered significant changes since the year when the accident occurred.

ally watered, the mildewed-grout which reveals prolonged exposure to humidity and the fact that at the moment of the accident, the area where plaintiff fell was wet, as defendant's witness has stated, are all facts which create controversy as to the existence of a dangerous condition on the ramp which defendant should have known about.

The Court must distinguish the *Clemente* and *Mas* cases from Figueroa's case. In *Clemente*, the Court found that at 10:30pm a hotel had a diminished ability to discover a wet carpet because of its size and scarcity of janitorial help. *Id.* at 389. In *Mas*, the District Court found that the landlord was not liable for exposing a business invitee to a dangerous condition given that there was no evidence as to the circumstances of how the liquid substance came to be spilled in the area of the express check-out lane where the accident occurred. 784 F.Supp. 945 (D.P.R.1992), aff'd 984 F.2d 527 (1st Cir.1993). Unlike plaintiffs Mas and Clemente, Figueroa has submitted sufficient evidence to create a genuine issue of material fact as to the circumstances of how, on that day, the exit ramp exposed patrons to a hazardous condition.[3]

Accordingly, upon viewing the entire record in the light most hospitable to the plaintiff and indulging in all reasonable inferences in her favor, the Court finds that plaintiff has established sufficient evidence to avoid summary judgment at this stage of the proceedings. The questions of whether a dangerous condition existed on the day of the accident, whether defendant had actual or constructive knowledge of it and, if so, whether it failed to exercise due care over the known hazardous condition, as well as proximate causation of plaintiff's

injuries are all matters that the Court may not determine at this point and which a jury must address at a later time.

### IV. *Conclusion*

In light of the foregoing, the Court **ADOPTS** Magistrate Arena's findings (Docket No. 30) and **DENIES** the United States Motion for Summary Judgment (Docket No. 19).

IT IS SO ORDERED.

---

3. The United States makes much of the fact that plaintiff stated at a deposition that she has shopped at the PX for 20 years and has never before seen the ramp wet or littered. This statement, although valuable for other purposes, is not substantial enough to defeat plaintiff's establishment of issues of material fact that preclude summary judgment.