**Edna J. VAZQUEZ VAZQUEZ,
Plaintiff**

v.

**CHECKPOINT SYSTEMS OF
PUERTO RICO, INC., et
al, Defendants.**

**Civil No. 08–1271 (SEC).**

United States District Court,
D. Puerto Rico.

April 24, 2009.

that the deadline for filing any other amended complaint has elapsed and will not be extended.

Frank D. Inserni–Milam, Frank D. Inserni Law Office, San Juan, PR, for Plaintiff.

Juan J. Casillas–Ayala, Pedro A. Buso–Garcia, Fiddler, Gonzalez & Rodriguez, Reggie Diaz–Hernandez, San Juan, PR, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, District Judge.

Pending before this Court is Defendant Checkpoint Systems of Puerto Rico, Inc., et al's ("Defendants") Motion to Dismiss. Dockets ## 18 & 41. Plaintiff Edna J. Vazquez Vazquez ("Plaintiff") opposed (Dockets ## 23 & 42), and Defendants sur-replied (Docket # 29). Upon reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual Background**

On March 8, 2008, Plaintiff filed suit under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, the Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution, Puerto Rico Law 44, P.R Laws ann. tit. 21, § 501, and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R Laws ann. tit. 31, § 5141 & 5142, against Defendants, alleging that "a pattern of discrimination and disparate treatment and a continued animus began" after she informed Defendants about her alleged disability (morbid obesity). Docket # 23, p. 2. According to Plaintiff, Defendants did not provide her reasonable accommodation, and eventually discharged her due to said disability.

On November 24, 2008, Defendants filed a motion to dismiss, arguing that Plaintiff's claims are time-barred. They further aver that Plaintiff's claims arise under specific labor legislation which precludes Articles 1802 & 1803 claims. Moreover, Defendants posit that Plaintiff's constitutional claims also fail insofar as there are no state actors in the present suit. They also allege that Plaintiff's claims against her supervisors, Hector Vélez ("Vélez") and Alicia González ("González"), are unwarranted because there is no individual liability under the ADA and Law 44.

Plaintiff opposed, averring that on October 4, 2004, she filed an administrative complaint with the Puerto Rico Department of Labor's Anti Discrimination Unit ("ADU"), and the right to sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on December 6, 2007. According to Plaintiff, the filing of the administrative charge tolled the statute of limitations. She further contends that since she filed the instant suit

on March 8, 2008, that is, within 90 days after the issuance of the right to sue letter, her claims are not time-barred. Additionally, she contends that Defendants failed to notify her about her rights under the FMLA, despite her need to undergo bariatric surgery and extensive rehabilitation thereafter due to her condition. However, Plaintiff concedes to the dismissal of her constitutional claims.

On March 13, 2009, Defendants filed a supplemental motion to dismiss, noting that pursuant to the First Circuit's holding in *Fantini v. Salem State College*, 557 F.3d 22 (1st Cir.2009), Plaintiff's individual liability claims under Title VII should be dismissed. Although Plaintiff concedes to the dismissal of her Title VII individual liability claims, she argues that her Title VII claim against her employer, and her state law claims should not be dismissed. Specifically, she avers that the administrative charge filed with the ADU gave González and Vélez notice about her claims under Article 1802, and Law 44, whereas her employer was duly informed of her claims under the ADA and Law 44. Based on the foregoing, Plaintiff contends that the administrative claim tolled the statute of limitations, as such, said claims are not time-barred.

### Standard of Review

*Fed.R.Civ.P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir.2008). In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. *Id.* Notwithstanding, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir.2007);

see also *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *Rodríguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92 (1st Cir.2007). Complaints do not need detailed factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). However, factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

However, "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. *Id.* That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Parker v. Hurley*, 514 F.3d 87, 95 (1st Cir.2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305(1st Cir. 2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly

incorporated into it, and matters susceptible to judicial notice." *Id.* at 305–306. As such, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle,* 142 F.3d at 508 (*quoting Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)); *see also Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999).

To survive a motion to dismiss at this stage, "it is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading." *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 73 (1st Cir. 2000) (citing *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992) (internal citations omitted)). In so doing, "a plaintiff can make allegations *either* on the basis of personal knowledge or on 'information and belief.'" *Id.*

### Applicable Law and Analysis

As previously stated, Plaintiff concedes to the dismissal of her Fifth, Ninth, and Fourteenth Amendment claims. She further agrees with the dismissal of her Title VII claims against Vélez and González in their individual capacity, pursuant to the First Circuit's holding in *Fantini v. Salem State College,* 557 F.3d 22 (1st Cir.2009). As such, Plaintiff's Fifth, Ninth, and Fourteenth Amendment are **DISMISSED with prejudice.** Plaintiff's Title VII claims against Vélez and González, in their individual capacity, are also **DISMISSED with prejudice.**

■ After reviewing the applicable case law, this Court also finds that Plaintiff's Law 44 claims against Vélez and González in their individual capacity lack merit. Considering that Law 44 was amended in 1991 to accommodate its provisions with

the ADA, its federal counterpart, and the First Circuit's recent ruling in *Fantini,* it would appear that the same rule should apply as to individual liability claims under Law 44. *See Ocasio Berrios v. Bristol Myers,* 51 F.Supp.2d 61, 67 (D.P.R.1999); *Vélez Nieves v. Microsoft Caribbean,* 2006 WL 1805689, 2006 U.S. Dist. LEXIS 45521, *28 (D.P.R.2006). As a result, this Court holds that there is no individual liability under Law 44. As such, Plaintiff's Law 44 claims against Vélez and González are **DISMISSED with prejudice.**

### *FMLA claims*

In the complaint, Plaintiff avers that Defendants "failed to provide [her] with adequate and proper notice of her rights under the [FMLA], and failed to allow her to exercise said rights ..." Docket # 5, p. 11. Defendants contend that Plaintiff's complaint does not state factual allegations as to how her FMLA rights were abridged. Notwithstanding, they argue that such omission is irrelevant insofar as Plaintiff's claim is time-barred. According to Defendants, the complaint was filed almost four years after Plaintiff's discharge, well over the two and three years statute of limitations set forth by the FMLA.

■ The FMLA seeks to "balance the demands of the workplace with the needs of families," and allow for employees to take leave for medical reasons. 29 U.S.C. §§ 2601. The statute "contains two distinct types of provisions: those establishing substantive rights and those providing protection for the exercise of those rights." *Colburn v. Parker,* 429 F.3d 325, 331 (1st Cir.2005); *Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 159 (1st Cir.1998). As to the substantive rights, the Act provides eligible employees of covered employers up to twelve workweeks of unpaid leave in any twelve-month period for several reasons, including a serious health condition

that makes the employee unable to perform the functions of his or her position. *See* 29 U.S.C. §§ 2612; *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 724, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003); *Ragsdale v. Wolverine World Wide*, 535 U.S. 81, 87, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). The twelve weeks may be taken intermittently when medically needed, such as to attend medical appointments for the treatment of a serious health condition. *Hibbs*, 538 U.S. at 724, 123 S.Ct. 1972; *Ragsdale*, 535 U.S. at 86, 122 S.Ct. 1155; *Colburn*, 429 F.3d at 330; *Hodgens*, 144 F.3d at 159. Generally, upon the employee's return from a qualified leave, "the employer must reinstate the employee to the same position, or an alternate position, with the same pay, benefits, and working conditions, and without loss of accrued seniority." *Colburn*, 429 F.3d at 330; *Hodgens*, 144 F.3d at 159.

The FMLA also provides protection for an employee who suffers discrimination for exercising the rights therein conferred. *Hodgens*, 144 F.3d at 159. Accordingly, Section 2615 states that is shall be "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615. Additionally, the FMLA creates a private right of action against the employer who violates its provisions. 29 U.S.C. § 2617(a). As a result, the employer may be subject to equitable relief, and compensatory damages, including wages, salary, and benefits. *Id.; see also Colburn*, 429 F.3d at 331; *Hibbs*, 538 U.S. at 724, 123 S.Ct. 1972; *Ragsdale*, 535 U.S. at 87, 122 S.Ct. 1155.

■ An action under the FMLA may be brought no "later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, an action brought for a willful viola-

tion of Section 2615 of the Act, that is, when an employer interferes with, or denies, an employee the rights conferred by the FMLA, or discharges the employee as retaliation for participating in a protected activity, shall be commenced "within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2). In order to "establish a willful violation of the FMLA, a plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (1st Cir.2003). Thus, this standard entails more than mere negligence.

■ As previously discussed, when analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the Plaintiff's favor. There is no controversy as to the fact that Plaintiff was eligible for FMLA leave, insofar as she had been employed by Defendants for over a year and had worked at least 1250 hours during the preceding twelve months. 29 U.S.C. § 2611(2)(A). Instead, Defendants aver that Plaintiff's FMLA claims are time-barred. Upon reviewing the record, this Court finds that Plaintiff was discharged on April 2, 2004 (Docket # 5, p. 9), and the instant suit was filed on March 4, 2008 (Docket # 1). As such, almost four years have elapsed since the last allegedly discriminatory event, that is, Plaintiff's discharge. Notwithstanding, Plaintiff argues that her claim is not time-barred because, on October 8, 2004, she filed a discrimination complaint with the ADU/EEOC which tolled the statute of limitations. She further notes that the EEOC issued the right to sue letter on December 6, 2007, thus,

the complaint was filed within 90 days of the issuance of said letter.

This Court finds that Plaintiff's arguments as to the tolling of the limitation period fail insofar as the ADU/EEOC lacks jurisdiction over FMLA claims. Moreover, her ADU complaint does not include any allegations under the FMLA, instead, her ADU charge is limited to claims of discrimination due to her disability, that is, under the ADA and Law 44. Since Plaintiff was discharged on April 2, 2004, and the instant suit was filed on March 4, 2008, Plaintiff's FMLA claim is time-barred under both the two and three year limitation periods. As a result, Plaintiff's FMLA claims are **DISMISSED with prejudice.**

### Articles 1802 & 1803 claims

■ Article 1869 of the Puerto Rico Civil Code provides a one year statute of limitation for tort claims arising under Article 1802. P.R. Laws ann. tit 31, § 5298. Said period begins when the aggrieved party has knowledge of the injury. *Id.* A tort claim's limitations period may be interrupted by filing suit in court, by the creditor's extrajudicial claim, or by any act in which the debtor acknowledges the existing debt. P.R. Laws ann. tit 31, § 5303. Notwithstanding, the Puerto Rico Supreme Court has held that the filing of an administrative complaint does not toll the statute of limitations for Article 1802 claims since administrative agencies, such as the EEOC, lack jurisdiction over such matters. *González Figueroa v. JC Penney,* 247 F.R.D. 274, 281 (D.P.R.2007) (citations omitted); *Matos Ortiz v. Commonwealth of P.R.,* 103 F.Supp.2d 59, 63–64 (D.P.R.2000); *Cintron v. E.L.A.,* 127 P.R. Dec. 582 (1990); *Delgado Rodriguez v. Nazario de Ferrer,* 121 P.R. Dec. 347 (1988); *León–Nogueras v. University of Puerto Rico,* 964 F.Supp. 585, 589 (D.P.R.1997); *see, e.g., León–Nogueras v. University of Puerto Rico,* 964 F.Supp. 585, 589 (D.P.R.

1997) (holding that the filing of an administrative charge with the EEOC cannot serve as an extrajudicial claim for a cause of action under Section 1983 for an alleged violation of a plaintiff's constitutional rights because the EEOC does not have jurisdiction over such claims); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 466, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (finding that an administrative charge with the EEOC does not toll a Section 1981 claim.) Therefore, the filing of administrative charge did not toll Article 1802's one year statute of limitations. Since Plaintiff was discharged on April 2, 2004, on which date she clearly had knowledge of her injury, her March 4, 2008 was untimely filed. Therefore, Plaintiff's Article 1802 & 1803 claims are **DISMISSED with prejudice.**

■ Moreover, even if the filing of the ADU charge tolled the statute of limitations, "to the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802." *Rosario v. McConnell Valdes,* 2008 WL 509204, *2, 2008 U.S. Dist. LEXIS 13113, *5 (D.P.R.2008); *see also Santini Rivera v. Serv. Air, Inc.,* 137 P.R. Dec. 1 (1994). In such circumstances, an Article 1802 claim "may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked," in this case, discrimination due to her disability. *Id.* Insofar as Plaintiff does not aver any tortious conduct, aside from the alleged disability discrimination, which is duly addressed under the ADA and Law 44, Plaintiff's arguments are unpersuasive.

### Conclusion

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED.** Plain-

tiff's claims under the FMLA, Articles 1802 & 1803, and the Fifth, Ninth, and Fourteenth Amendments are **DISMISSED with prejudice.** Plaintiff's Title VII and Law 44 claims against Vélez and González, in their individual capacity, are also **DISMISSED with prejudice.** Therefore, all claims against Vélez and González in their individual capacity are **DISMISSED with prejudice.** However, this does not dispose of the case at bar insofar as Plaintiff's ADA and Law 44 against her employer, Checkpoint, remain pending before this Court.

**IT IS SO ORDERED.**