Norma Cameron SANTIAGO, Plaintiff,

v.

AMERICAN AIRLINES, INC.,
et al., Defendants.

Civil No. 11–1646 (DRD).

United States District Court,
D. Puerto Rico.

Jan. 12, 2012.

Emilio F. Soler–Ramirez, Santurce, PR, for Plaintiff.

Carlos J. Ruiz–Irizarry, Diego A. Ramos, Fiddler Gonzalez & Rodriguez, P.S.C., San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court are: (a) American Airlines, Inc.'s Motion To Dismiss for failure to state a claim pursuant to Rule 12(b)(6) (Docket No. 5); and (b) Motion For Entry Of Judgment Dismissing The Complaint With Prejudice For Failure To Timely Oppose American's Motion To Dismiss (DE 5) (Docket No. 8). As of this date, both motions stand unopposed. For the reasons set forth below, the dismissal request is granted on the merits of the request.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 2, 2008, Plaintiff Norma Cameron Santiago (hereinafter "Plaintiff") was allegedly walking in the area of the ramp near a gate in the Luis Muñoz Marín International Airport ("Airport"), and slipped and fell because of an alleged slippery surface. Almost three years later, on April 6, 2011, Plaintiff filed suit in the Puerto Rico Superior Court, Carolina Part, against defendant American Airlines, Inc. (hereinafter "American Airlines"), as well as several other unidentified parties (Docket No. 1–1) under Article 1802 of the Puerto Rico Civil Code. Plaintiff alleges that American Airlines is responsible for the maintenance and conservation of the area where the fall occurred. Plaintiff further advances that by omitting to place signs adverting the floor's alleged dangerous conditions, American Airlines acted negligently. Plaintiff seeks redress for physical injuries and mental anguish suffered, permanent disability, reduction of her income, and medical expenses.[1] Furthermore, Plaintiff alleges that she filed an extrajudicial claim that tolled the statute of limitations. *See* Docket No. 11.

On July 6, 2011, American Airlines timely removed the instant case to this Court invoking diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1) (Docket No. 1). On July 7, 2011, American Airlines answered the complaint denying Plaintiff's allegations (Docket No. 4). Furthermore, American Airlines asserts as a defense that the complaint fails to state a claim upon which relief can be granted. As a second defense, American Airlines avers that Plaintiff's claim is time barred.

---

1. Plaintiff claims physical damages in the amount of $400,000.00; mental anguish in the amount of $200,000.00; permanent disability in the amount of $200,000.00, and "reduction of her income" in the amount of $100,000.00 plus medical treatment and transportation in the amount of $8,000.00. *See* Docket entries No. 7, 8, 9.

On July 7, 2011, American Airlines submitted a motion to dismiss Plaintiff's claim under Rule 12(b)(6) of the Federal Rule of Civil Procedure ("Fed.R.Civ.R.") (Docket No. 5) reiterating that the complaint fails to state a claim upon which relief can be granted. American Airlines further asserts that Plaintiff does not properly allege facts in the complaint of how she tolled the one-year statute of limitations that governs tort claims actions in Puerto Rico for personal injury causing the complaint to be time barred. As stated above, as of this date, American Airlines' motion to dismiss stands unopposed.

On August 24, 2011, American Airlines filed a second motion to dismiss (Docket No. 8) claiming the Court should dismiss Plaintiff's cause of action because Plaintiff has failed to timely respond to American Airline's motion to dismiss. This motion also stands unopposed.

## APPLICABLE LAW AND DISCUSSION

### Motion to Dismiss Standard

■ Fed.R.Civ.P. 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." Thus, a plaintiff must now present allegations that nudge "[his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570, 127 S.Ct. 1955, *see* e.g. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009).[2]

When considering a motion to dismiss, the Court must undertake a two-step process under the current context-based "plausibility" standard established by *Twombly* and *Iqbal*. "Context based" means that a plaintiff must allege facts that comply with the basic elements of the cause of action. *See Iqbal*, 129 S.Ct. at 1949–1950, 173 L.Ed.2d at 883–885. First, the Court must "accept as true all of the factual allegations contained in a complaint[,]" and discard all of the legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir.2009) (quoting *Iqbal*, 129 S.Ct. at 1949, 173 L.Ed.2d at 884) (internal quotation omitted).

Under the second step of the inquiry, the Court must determine whether all assertions remaining after undertaking the first step of the inquiry, taken as a whole, "state a facially plausible claim for relief." *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 10–11 (1st Cir.2011). This second step is "context-specific" and requires that the court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Maldonado v. Fontanes*, 568 F.3d at 268. Also, the "plausibility standard is not akin to a 'probability requirement,' [for] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Sepúlveda–Villarini v. Department of Education of Puerto Rico*, 628 F.3d 25, 29 (1st Cir.2010) (quoting *Iqbal*, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

---

**2.** Because the U.S. Reports specific page reference for *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), is not available at this time, reference will be made to the corresponding pages of the Supreme Court Reporter and the United States Supreme Court Reports, Lawyer's Edition 2d, throughout this opinion.

## Statute of Limitations

Plaintiff brings the instant action upon diversity jurisdiction under 28 U.S.C. § 1332. In diversity tort actions, the applicable limitations period is a matter governed by State substantive law. *See Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir.2000); *Rolón–Alvarado v. Municipality of San Juan*, 1 F.3d 74, 77 (1st Cir.1993); *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 632 (1st Cir.1990); *Vargas–Ruiz v. Golden Arch Development, Inc.*, 283 F.Supp.2d 450, 454–55 (D.P.R. 2003); and *Torres Nieves v. Hospital Metropolitano*, 998 F.Supp. 127, 136 (D.P.R. 1998). Thus, the Court must look to Puerto Rico law to determine the applicable statute of limitations for Plaintiff's cause of action. *See Chardón v. Fernández*, 454 U.S. 6, 7, 102 S.Ct. 28, 70 L.Ed.2d 6 (1982).

"Article 1869 of the Puerto Rico Civil Code provides a one year statute of limitation for tort claims arising under Article 1802." *Vázquez Vázquez v. Checkpoint Systems of Puerto Rico, Inc.*, 609 F.Supp.2d 217 (D.P.R.2009). This one year limitations period commences from the moment the aggrieved party has knowledge of the injury. *Colón Prieto v. Geigel*, 115 D.P.R. 232, 243 (1984). The Supreme Court of Puerto Rico has held that a plaintiff has knowledge that he suffered a tort when he has both notice of the injury and notice of the tortfeasor. *Id.*

The one year prescriptive period can be tolled by the institution of an action "before the courts, by extra judicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." *Rodríguez–García v. Municipality of Caguas*, 354 F.3d 91, 97 (1st Cir.2004). Once the statute of limitations has been tolled it will begin to run anew from the date the action comes to a definite end. *Silva–Wiscovich v. Weber Dental Mfg. Co.*, 835 F.2d 409, 410 (1st Cir.1987). "The filing of one action does not toll the statute of limitations for all claims arising out of the same facts." *Fernández v. Chardón*, 681 F.2d 42, 49 (1st Cir.1982). However, in order to effectively interrupt the statute of limitations, the act of tolling must be made in compliance with the requirements set forth under state local law. *Tokyo Marine & Fire Ins. v. Perez & Cia.*, 142 F.3d 1, 4 (1st Cir.1998) (citing *Velez Rodriguez v. Pueblo Int'l, Inc.*, 135 D.P.R. 500, 1994 P.R.-Eng. 909576 (1994); *Zambrana Maldonado v. Puerto Rico*, 129 D.P.R. 740, 1992 WL 755000 (1992); *Arroyo v. Hospital La Concepcion*, 130 D.P.R. 596, 1992 WL 755630 (1992); *Cintrón v. Puerto Rico*, 127 D.P.R. 582 (1990); and *Díaz De Diana v. A.J.A.S. Ins. Co.*, 110 D.P.R. 471, 10 P.R. Offic. Trans. 602 (1980)). *See also Velez Rodriguez v. Pueblo Int'l, Inc.*, 135 D.P.R. 500, 1994 P.R.-Eng. 909576 (1994); *Zambrana Maldonado v. Puerto Rico*, 129 D.P.R. 740 (1992); *Arroyo v. Hospital La Concepcion*, 130 D.P.R. 596, 1992 WL 755630 (1992); *Cintrón v. Puerto Rico*, 127 D.P.R. 582 (1990); and as to compliance with state tolling requirements, *see Díaz De Diana v. A.J.A.S. Ins. Co.*, 110 D.P.R. 471, 10 P.R. Offic. Trans. 602 (1980).

## ANALYSIS

Under the *Twombly* and *Iqbal* standard, the Court will strip from the complaint all the merely conclusory pleadings. *Iqbal*, 129 S.Ct. at 1951, 173 L.Ed.2d at 886. Plaintiff contends that the area where she allegedly slipped and fell "exhibited inadequate, dangerous, and deteriorated conditions." *See* Docket No. 1–1, ¶ 2. Plaintiff also contends that as a result of the fall she suffered "injuries and contusions in her hands, arms, elbow, legs, and back," which were severely painful and lead to permanent disability. *See* Docket No. 1–1, ¶ 4.

Plaintiff, however, has failed to allege any context specific facts indicating what exactly constituted the "conditions and circumstances" that caused the floor to be slippery. Plaintiff has also failed to allege facts to sustain that American Airlines knows or should have known as to the existence of the condition of negligence by American Airlines. *See Mas v. United States*, 984 F.2d 527, 530 (1st Cir.1993) (slip and fall case in a federal commissary) (Article 1802 "requires a demonstration [by the plaintiff] that the defendant has either actual or constructive knowledge of a dangerous condition.").

Plaintiff also claims having suffered permanent disability. However, Plaintiff fails to provide any specific facts in support of the alleged permanent disability triggered as a result of the alleged fall. Hence, the Court finds that Plaintiff's alleged disability statements are simply pure and unsupported conclusory allegations couched as facts, which failed to meet the plausibility standard recited by *Twombly* and *Iqbal*.

Plaintiff asserts that American Airlines "failed to notify or provide signs regarding the alleged dangerous conditions" of the floor. *See* Docket No. 1–1, ¶ 6. Plaintiff further alleges that such omission constitutes a failure "to protect the public" and "exercise due care and diligence [in] maintaining and caring for the premises." *Id.* The Court finds that these allegations are nothing more than general, vague and unsupported legal conclusions.

Most critical, Plaintiff has not provided in the complaint any facts to support her claim that American Airlines is responsible for the area where she slipped, nor has she alleged that American Airlines had, prior to the accident, knowledge, or should have knowledge, that the surface presented inadequate conditions. *See Mas v. United States*, 984 F.2d at 530 ("[PR Stat. Ann. T. 31] Section 5141 requires, as an element, an affirmative

showing by the plaintiff that the defendant was negligent. This showing, in turn, requires a demonstration that the defendant has either actual or constructive knowledge of a dangerous condition") (following state Supreme Court precedent in *Cotto v. Consolidated Mutual Insurance Co.*, 116 D.P.R. 644, 16 P.R. Offic. Trans. 786 (1985)). Moreover, aside from Plaintiff's allegation that "the maintenance and conservation" of the area where Plaintiff allegedly slipped and fell "was the responsibility of ... American Airlines" (Docket No. 1–1, ¶ 1) the complaint is devoid of any facts that would support Plaintiff's argument. Thus, Plaintiff's allegations are nothing more than "rhetoric masquerading as litigation." While it is probable that Plaintiff may have fallen, the plausibility standard that Plaintiff must meet upon pleading her cause of action is not akin to probability. *Sepúlveda–Villarini v. Department of Education of Puerto Rico*, 628 F.3d at 29.

In *Sepulveda–Villarini*, 628 F.3d at 29, the Court held:

The make-or-break standard, as the district court recognized, is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950–51, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955); *see also Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (**"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact))."** A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. **The plausibility standard is not akin to a 'probability requirement,' but it asks**

for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citation omitted). (Emphasis ours).

In the instant case, Plaintiff failed to meet the plausibility standard, as the Court is unable "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Sepulveda–Villarini,* 628 F.3d at 29.

■ Finally, and also most critical, in ¶ 11 of the Complaint, Plaintiff claims that she "filed a judicial claim which interrupted all applicable prescriptive terms." Plaintiff neither specifies when she tolled the limitations period nor how it was tolled. *See Díaz De Diana,* 110 D.P.R. at 480–481. Furthermore, Plaintiff does not claim that American Airlines made any acknowledgment of the debt. Inasmuch as this assertion of tolling the statute of limitations is nothing more than a bald assertion, the Court cannot make any judicial determination.

Nevertheless, the Court held a conference with both parties, whereby the judge granted Plaintiff thirty (30) days to produce the U.S. Postal Service receipt showing that it had timely and effectively interrupted the statute of limitations. The deadline for such filing expired without any showing of the delivery confirmation or that the referenced letter complied with the tolling requirements as expressed in *Vargas–Ruiz,* 283 F.Supp.2d at 456 (containing all the elements under Puerto Rico law as to tolling following state Supreme Court precedent in *Díaz De Diana,* 110 D.P.R. at 480–481). *See Tokyo Marine & Fire Ins. v. Perez & Cia.,* 142 F.3d at 4 (1st Cir.1998). Plaintiff has not shown the date of the tolling letter nor compliance with the factual allegations that the tolling letter complied with as to the legal requirements set forth in the case of *Díaz De Diana, Id.* Hence any tolling in the complaint is merely conclusory in nature. Consequently, the Court finds that this case is irremediably time-barred and that the allegations of a letter tolling the statute of limitations constitute mere conjectures.

As for indemnification sought in redress, Plaintiff argues that the physical damages and mental anguish suffered and "other consequences" amounts to $600,000.00. However, the complaint is completely devoid of any facts supporting her damages allegations. Furthermore, there is nothing in the complaint which would indicate what comprises the "other consequences."

Plaintiff also claims that the permanent disability and the subsequent "reduction of her income" amounts to $300,000.00. However, Plaintiff has failed to plead the facts regarding the reduction of income. Hence, the Court finds that these claims are nothing more than unsupported, conclusory allegations, which also failed to meet the plausibility test.

After discarding all of Plaintiff's unsupported, bald assertion as well as the unadorned, general, and conclusory factual assertions, the Court turns to the second step of the *Twombly/Iqbal* analysis. Hence, the Court must ascertain whether the remaining facts plausibly support Plaintiffs' cause of action. In so doing, the Court takes all Plaintiff's remaining, well-pleaded facts as true.

On July 2, 2008, as Plaintiff was walking in an area on or around Gate 70M in the Luis Muñoz Marin airport, she slipped and fell. *See* Docket No. 1–1, ¶ 1. However, the Court finds that this fact alone is not enough to state a plausible claim upon which relief can be granted against American Airlines. Although Plaintiff may have been in an area that she understands corresponds to American Airlines, it would be speculative to allege, without more context

specific facts, that American Airlines is responsible for Plaintiff's slip and fall. Furthermore, Plaintiff failed to properly plead any facts plausibly indicating that the surface where she slipped indeed exhibited inadequate and dangerous conditions previously known to American Airlines on that should have been known. *See Mas v. United States,* 984 F.2d at 530. Nor did she provide any facts indicating that she suffered severe injuries and permanent disability as a result of the alleged fall. The Court simply cannot "draw a reasonable inference that defendant is liable for the misconduct alleged." *Sepulveda–Villarini,* 628 F.3d at 29.

From the allegations in the complaint it also appears that Plaintiff's cause of action is time barred. Plaintiff suffered the injury on July 2, 2008, and filed suit in state court on April 6, 2011, after the one year statute of limitations had elapsed. Plaintiff failed to properly plead when and how the statute of limitations was tolled. Moreover, Plaintiff failed to plead the facts properly in order to enable the Court to make a judicial determination as to tolling, as the Court granted Plaintiff a term to produce the tolling letter and its delivery receipt to American Airlines.

### The "Unopposed" Second Motion to Dismiss

■■■ American Airlines moved the Court to dismiss Plaintiff's claims, as being unopposed by Plaintiff (Docket No. 5). However, contrary to American Airlines' remedy, the fact that a motion to dismiss stands unopposed does not warrant the automatic dismissal of Plaintiff's cause of action. *Vega–Encarnación v. Babilonia,* 344 F.3d 37, 41 (1st Cir.2003); *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 19 (1st Cir.1990); *McCall v. Pataki,* 232 F.3d 321, 323 (2nd Cir.2000). The Court

must still resolve the motion on its merits. *Vega–Encarnación,* 344 F.3d at 41. The Court notes that the standard is the same for an unopposed motion for summary judgment. "Lastly, whether a motion for summary judgment is formally opposed or unopposed, the Court is still obligated to resolve the motion on the merits." *See Cordi–Allen v. Halloran,* 470 F.3d 25, 28 (1st Cir.2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits). Moreover, the court cannot grant a motion for summary judgment as a sanction. *See De La Vega v. The San Juan Star, Inc.,* 377 F.3d 111, 113, 116 (1st Cir.2004); *Sterling Merchandising, Inc. v. Nestle, S.A., et al.,* 656 F.3d 112 (1st Cir.2011); *Curet–Velázquez, et al. v. ACEMLA de Puerto Rico, Inc., et al.,* 656 F.3d 47 (1st Cir. 2011). *See also Alberti v. University of Puerto Rico,* 818 F.Supp.2d 452, 459–60, 2011 WL 4863956, *3 (D.P.R.2011) (October 13, 2011).

### CONCLUSION

For the reasons stated above, American Airlines' motion to dismiss (Docket No. 5) is hereby **GRANTED,** and the instant complaint is dismissed with prejudice. Judgment will be entered accordingly.

**IT IS SO ORDERED.**