JAY A. GARCIA-GREGORY, United States District Judge
Plaintiffs Linda Creviston and her daughter, Marissa Creviston, travelled to Río Grande, Puerto Rico in April 2016 for a family vacation at the St. Regis Bahía Beach Resort (the "hotel").[1] Docket No. 1 at 3. Prior to arriving, Linda used her "elite" status as a member of the hotel's loyalty program to ensure they would stay in a "luxurious ocean-front" suite during their trip. Id. The hotel staff honored her request at check-in and assigned Plaintiffs to Suite 312, located in the hotel's most exclusive, private, and secluded building. Id. at 3-4. This suite, however, only had one bed and Plaintiffs needed two. Id. at 4. The hotel staff, not wanting to assign Plaintiffs to a different room, provided them with a rollaway bed for Marissa and placed it in front of the bedroom window. Id. Plaintiffs acquiesced to these accommodations and stayed in Suite 312 for the remainder of their ten-day vacation. Id. at 6.
Then, in March 2018, Plaintiffs somehow learned about a federal diversity action filed in this District-John Doe, et al. v. Bahía Beach CH Development, LLC, et al. , Civ. No. 17-2287 (DRD)-where former guests of Suite 312 claimed that members of the hotel staff violated their privacy back in November 2016 through alterations in the room's bathroom and bedroom windows (the "Doe Complaint"). Id. at 6. The factual allegations included in the Doe Complaint, Plaintiffs explain, led them to "look back through the pictures they took during their stay at the [hotel] since they too had stayed in Suite 312." Id. While doing so, Plaintiffs "came across a picture of the blinds covering their bedroom window that, when compared to a similar picture included in the Doe Complaint, clearly showed the blinds in [Plaintiffs'] bedroom had been altered in the exact same manner as depicted in the Doe Complaint." Id. For Plaintiffs, this was also the moment when they first realized "their privacy had been violated during their stay at the [hotel] in the same manner as alleged in the Doe Complaint." Id. at 7.
Shortly thereafter, on April 6, 2018, Plaintiffs filed this diversity suit against the hotel's corporate managers and operators-Defendants Bahia Beach CH Development, LLC; BBP Partners, LLC; and Sheraton Puerto Rico Management, LLC-to recover for "an obscene violation of [their] privacy rights" sustained during their April 2016 vacation. Id. at 1-2. Inspired by the Doe Complaint, Plaintiffs charge they were victims of a "long-running scheme" at the hotel whereby members of its staff would place "certain *173 guests"-here, a minor and her mother-in Suite 312 "to secretly observe and, in all likelihood, record them in the privacy of their hotel room" through an alteration (a peephole[2] ) in the bedroom window. Id. at 2. The staff members, Plaintiffs allege, then distributed these recordings to others without their consent. Id. at 6. Since this voyeuristic scheme was supposedly facilitated by "Defendants' negligent or intentional acts or omissions,"[3] Plaintiffs seek $ 10 million in damages (as well as injunctive relief) under Article 1802 of the Puerto Rico Civil Code and Article II of the Puerto Rico Constitution. Id. at 2.
Defendants have responded by moving to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), contending in relevant part[4] that "it does not have a single independent factual assertion establishing that [Plaintiffs'] privacy was breached or otherwise compromised during their stay" at the hotel. Docket No. 17 at 20. Since Plaintiffs' state law causes of action require that they set forth sufficient factual allegations regarding injury to sustain recovery, Defendants argue, the Complaint's "bald assertions" and "unsupported conclusory statements" as to the violation of Plaintiffs' privacy rights-i.e. , their alleged injury-fail to show a plausible claim upon which relief may be granted. Id. at 20-22; see Gooley v. Mobil Oil Corp. , 851 F.2d 513, 515 (1st Cir. 1988) (holding that a complaint must "set forth factual allegations, either direct or inferential, respecting each *174 material element necessary to sustain recovery under some actionable legal theory."); see also Vázquez-Filippetti v. Banco Popular , 504 F.3d 43, 49 (1st Cir. 2007) (holding that general tort claims under Puerto Rico law require a showing of (1) injury; (2) negligence; and (3) a causal relationship between the alleged negligence and injury); Mojica Escobar v. Roca , 926 F.Supp. 30, 34 (1st Cir. 1996) (holding that an invasion-of-privacy claim under Article II of the Puerto Rico Constitution is similar to the eponymous common law tort).
Plaintiffs counter that they have offered "extensive factual allegations as to their guest stay at the [hotel], the actions of hotel staff, the condition of the room, and the 'peephole[ ]' that had been created to spy on Plaintiffs, and the resulting surveillance that was conducted on Plaintiffs." Docket No. 22 at 4; see also Docket No. 33 at 4-5. This is "much more than what is required to survive [Defendant's] Motion[,]" Plaintiffs say, partly because Defendants are "effectively" confusing it for a summary judgment request. Docket No. 22 at 4. The Court disagrees.
Concisely put, Plaintiffs' allegations as to injury consist of making the inferential leap that, because there was an apparent peephole in Suite 312's bedroom window, members of the hotel staff must have looked through it, recorded Plaintiffs in the privacy of their room, and thereafter distributed such recordings without Plaintiffs' consent. The Court, on the other hand, declines to make the same leap-particularly absent additional factual allegations to support this purported injury. See Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that, at the pleading stage, a plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest "more than a sheer possibility that a defendant has acted unlawfully.").
The Complaint only offers conclusory statements as to Plaintiffs' alleged injury, a requisite element of their state law claims. Yet nothing beyond speculation supports Plaintiffs' bare allegations that the voyeuristic scheme existed, that members of the hotel staff were participants, or-more importantly-that Plaintiffs themselves were injured by it back in April 2016. While these allegations may not be "ultimate legal conclusions," they are still so threadbare that they cannot be considered factual. Peñalbert-Rosa v. Fortuño-Burset , 631 F.3d 592, 595 (1st Cir. 2011) (citing Bell Atl. Corp. v. Twombly , 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). And if Plaintiffs had any basis beyond speculation for making these charges, they likely would have pleaded additional factual averments in their Complaint, or at least in their Opposition to Defendants' Motion. Id. at 596, 127 S.Ct. 1955 ("Specific information, even if not in the form of admissible evidence, would likely be enough at this stage; pure speculation is not."). The Court acknowledges "this may seem hard on [Plaintiffs, since they] merely suspect[ ] wrongdoing, but even discovery requires a minimum showing and fishing expeditions are not permitted." Id. (internal citations and quotation marks omitted).
At any rate, Plaintiffs' well-pleaded factual allegations-read as a whole and presumed to be true-do not plausibly suggest an entitlement to relief for the privacy violation either. The voyeuristic scheme and ensuing injury Plaintiffs describe are, at best, conceivable: Suite 312 had a peephole in the bedroom window right across from the rollaway bed; and members of the hotel staff placed the rollaway bed there after not wanting to give Plaintiffs a different room. Still, "mere possibility is not enough to state a claim" for Fed. R. Civ. P. 12(b)(6) purposes, much less Plaintiffs' reliance on their say-so to show that members of the *175 hotel staff invaded their privacy. Id. And the Court will not infer the existence of this voyeuristic scheme given other (just as) likely reasons for these factual allegations-e.g. , that the hotel was at full capacity; that beds are normally placed in bedrooms. Cf. Iqbal , 556 U.S. at 681-82, 129 S.Ct. 1937 (refusing to plausibly infer "purposeful, invidious discrimination" as the motive for plaintiff's arrest partly because legitimate law enforcement policies provided an "obvious alternative explanation" after the 9/ 11 terrorist attacks).
For these reasons, Plaintiffs' Complaint does not state a plausible (rather than merely conceivable) claim for relief, as the Court "is unable 'to draw a reasonable inference that [Defendants are] liable for the misconduct alleged." Santiago v. Am. Airlines, Inc. , 840 F.Supp.2d 500, 504-05 (D.P.R. 2012) (citing Sepúlveda-Villarini v. Dep't of Educ. of P.R. , 628 F.3d 25, 29 (1st Cir. 2010) ). Plaintiffs only charge that members of the hotel staff violated their privacy without providing any factual allegations to support (or allow the Court to infer the plausibility of) this claim, hence failing to show an injury for which they may recover under the state law causes of action. See Iqbal , 556 U.S. at 679, 129 S.Ct. 1937 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that [Plaintiffs] are entitled to relief."). Accordingly, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6).[5]
IT IS SO ORDERED.

Linda's former husband also joined them on their family vacation, but the Complaint does not include him as a named plaintiff. See Docket No. 1 at 1-2. The Court will not consider him as such either.

The Court's reference to only one peephole is not an oversight. The Doe Complaint includes images of three separate alterations, whereas here Plaintiffs only have a picture of a single peephole in the bedroom window. Docket No. 1 at 5-7. Plaintiffs cannot then bolster the allegations in their Complaint by relying on the factual allegations in the Doe Complaint. See In re Generic Pharmaceuticals Pricing Antitrust Litigation , 338 F.Supp.3d 404, 435-37 (E.D. Pa. 2018) (finding it "inappropriate to consider the allegations" in an extraneous (but related) complaint while analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) ). Neither can the Court take judicial notice of these extraneous factual allegations, since the Doe Complaint contains just that-allegations-not facts immune from reasonable dispute. See Barnstable Cty. v. 3M Co. , No. 17-cv-40002, 2017 WL 6452245, at *3, *4 (D. Mass. Dec. 18, 2017) ("Generally, court filings are recognized not for the truth of the matters asserted within them, but instead only to establish the fact that related litigation has been initiated or to establish the fact that documents have been filed in a related case.") Additionally, the Doe Complaint's allegations have questionable relevance to this suit-after all, Plaintiffs had stayed at the hotel seven (7) months before. Id. ("It is 'well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.' ") (citing Kowalski v. Gagne , 914 F.2d 299, 305 (1st Cir. 1990) ). The Court therefore takes judicial notice of the Doe Complaint to confirm the existence of a related federal court action in this District and the claims asserted therein, but not to shore up the allegations in Plaintiffs' own Complaint. Id.

Specifically, Plaintiffs allege that Defendants breached their duty "to protect [hotel guests'] safety and safeguard their privacy" by (i) "failing to reasonably and responsibly own, operate, control, manage, maintain, supervise, and/or monitor the activities at the hotel;" (ii) "creating, permitting, and/or failing to discover alterations made in hotel rooms that facilitated acts of voyeurism by hotel staff;" (iii) failing to prevent and/or identify hotel staff loitering outside hotel rooms;" and (iv) "having inadequate hiring, training, supervision, and/or retention policies for employees and/or independent contractors that provided services at the hotel, including front desk, maintenance, and security personnel." Id. at 9-12.

Since the Court is finding that Plaintiffs fail to plausibly show an injury-and with it their entitlement to relief under the state law claims-this Memorandum and Order will not reach Defendants' additional arguments under Fed. R. Civ. P. 12(b)(6) or their contention that Plaintiffs' suit is time-barred by the applicable one-year statute of limitations. See Docket Nos. 17 at 8-19, 22-28; 25 at 2-4, 7-9.

Plaintiffs also requested in their Opposition (i) an oral hearing on Defendants' Motion to Dismiss; and (ii) leave to amend their Complaint. The first request is now moot. Plaintiffs' Motion for Leave is denied without prejudice; they may refile it separately with supporting legal authority and arguments. See Local Rule 7(a).