# United States Court of Appeals
## For the First Circuit

No. 14-1002

ALISON CIOFFI,

Plaintiff, Appellant,

v.

GILBERT ENTERPRISES, INC.
d/b/a CLUB FANTASIES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Torruella, Selya and Thompson,
Circuit Judges.

Neil E. Roberts and Law Office of Neil E. Roberts on brief for appellant.
Timothy J. Duggan, Jodi E. Barrett, and Duggan, Gianacoplos & Mahoney, LLC on brief for appellee.

October 8, 2014

**SELYA, Circuit Judge.** This is a case where the plaintiff attempts, in effect, to appeal from an order that the district court never made. Not surprisingly, her appeal goes nowhere.

We start by rehearsing the bare facts and travel of the case. Plaintiff-appellant Alison Cioffi is an exotic dancer who resides in Woburn, Massachusetts. She applied for and accepted employment with Club Fantasies (the Club), an adult entertainment venue (dysphemistically called a "strip club") operated in Providence, Rhode Island, by defendant-appellee Gilbert Enterprises, Inc. She performed at the Club without apparent incident until mid-April, 2009. She alleges that, on a date that is in dispute,[1] a fellow dancer assaulted her and inflicted severe injuries.

On April 19, 2012, the plaintiff sued the Club in a Massachusetts state court.[2] She alleged that her injuries resulted from the Club's failure to furnish her with a safe and secure workplace.

The Club is owned and operated by a Rhode Island corporation. Alleging diversity of citizenship and the existence

---

[1] The plaintiff's complaint alleged that the assault occurred on April 19, 2009. The Club asserts that the assault took place on April 18, and the police report appears to confirm the Club's assertion. While this one-day discrepancy is relevant to the Club's limitations defense, see text infra, we need not resolve it.

[2] The plaintiff named her assailant as a codefendant. For aught that appears, the assailant was never served. Consequently, we treat the Club as the sole defendant.

of a controversy in the requisite amount, the Club removed the action to the United States District Court for the District of Massachusetts. See 28 U.S.C. §§ 1332(a), 1441. In due course, the Club moved to dismiss the action for, inter alia, improper venue and want of in personam jurisdiction. See Fed. R. Civ. P. 12(b)(2)-(3). The plaintiff opposed the motion. After briefing and argument, the district court (Saylor, J.) concluded that the Club had insufficient contacts with Massachusetts to warrant the exercise of personal jurisdiction. See Cioffi v. Gilbert Enters., Inc., 971 F. Supp. 2d 129, 138 (D. Mass. 2012) (order on motion to dismiss). Instead of dismissing the case Judge Saylor asked the parties to brief the question of whether dismissal or transfer of venue would be the more condign remedy. See id.

The plaintiff filed a motion for reconsideration, beseeching the district court to rethink its conclusion on personal jurisdiction or, in the alternative, to transfer the case. For its part, the Club exhorted the district court to dismiss the suit outright. After mulling these importunings, Judge Saylor invoked 28 U.S.C. § 1406(a) and transferred the case to the District of Rhode Island — a district in which the suit unarguably could have been brought.[3]

---

[3] The record is tenebrous as to why Judge Saylor invoked 28 U.S.C. § 1406(a) rather than 28 U.S.C. § 1404(a). Because neither party pursues this question, we let it pass.

-3-

At this point, the plaintiff improvidently attempted to appeal. Her notice of appeal, plainly interlocutory, was dismissed for want of diligent prosecution after the plaintiff's counsel failed to respond to our show-cause order questioning appellate jurisdiction. See Cioffi v. Gilbert Enters., Inc., No. 13-1184 (1st Cir. Apr. 3, 2013) (unpublished order); see also 1st Cir. R. 3.0(b).

Once the case was docketed in the District of Rhode Island, the Club again moved to dismiss. Its motion posited that the plaintiff's complaint failed to state a claim upon which relief could be granted because suit had been commenced outside the applicable limitations period. See Fed. R. Civ. P. 12(b)(6). Inexplicably, the plaintiff did not respond to this motion. After the time for filing an opposition expired, see D.R.I. R. 7(b), the district court (McConnell, J.) summarily granted the motion and dismissed the action. This appeal followed.

The plaintiff frames the issue on appeal as "whether [she] set forth sufficient facts in her jurisdictional proffer to establish . . . minimum contacts . . . over the [Club]" in Massachusetts. Appellant's Br. at 2. By framing the issue in this way, she attempts to challenge Judge Saylor's determination that the Massachusetts district court lacked personal jurisdiction over the Club. But appellate courts do not review issues as such. See California v. Rooney, 483 U.S. 307, 311 (1987). A district court

-4-

speaks through orders and judgments, and only those decisions are reviewable. See In re Shkolnikov, 470 F.3d 22, 24 (1st Cir. 2006); Downey v. State Farm Fire & Cas. Co., 266 F.3d 675, 682 (7th Cir. 2001). This is of decretory significance because Judge Saylor's jurisdictional conclusion never ripened into an order of dismissal but, rather, formed a part of his rationale for transferring the action to Rhode Island under 28 U.S.C. § 1406(a). See Cioffi v. Gilbert Enters., Inc., 971 F. Supp. 2d 129, 138-39 (D. Mass. 2013) (order denying reconsideration).

A within-circuit transfer order under 28 U.S.C. § 1406(a) is appealable after final judgment in the case.[4] See, e.g., Dubin v. United States, 380 F.2d 813, 814 (5th Cir. 1967); see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (reviewing denial of transfer pursuant to 28 U.S.C. § 1404(a) after entry of final judgment); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (reviewing, after final judgment, separate orders transferring and refusing to transfer case). Here, however, the plaintiff does not take aim at the transfer order. The statute on which the transfer order is predicated provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall

---

[4] We limit this holding to transfers that take place within a single circuit. This case does not present the complications posed by out-of-circuit transfers. See Posnanski v. Gibney, 421 F.3d 977 (9th Cir. 2005); Reyes v. Supervisor of DEA, 834 F.2d 1093, 1095 (1st Cir. 1987).

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff, though, has not argued that the district court misapplied the statute.

Moreover, where such a transfer order is appealed, appellate review is for abuse of discretion. See Cianbro, 814 F.2d at 11. Yet, the plaintiff has not argued that Judge Saylor abused his discretion. Nor has she tried to explain why the transfer order runs counter to the interest of justice. Indeed, she has scarcely mentioned the subject of venue in her appellate brief.

To be sure, the plaintiff could have appealed Judge McConnell's order of dismissal. See, e.g., Vega-Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003) (stating that "[i]f the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim"). That order, though, was premised on the Club's unopposed motion, which contended that the plaintiff had sued too late. See R.I. Gen. Laws § 9-1-14(b) (limning three-year limitations period for personal injury actions). But what the plaintiff could have done and what she actually did are two different things: she has not mounted any semblance of a challenge to Judge McConnell's dismissal order.

-6-

The crux of the matter is that the plaintiff's briefing all but ignores both section 1406(a) and the statute of limitations. Instead, she argues the case as if Judge Saylor had <u>dismissed</u> her action on jurisdictional grounds. This sets up a straw man — and the plaintiff's effort to reinvent the record will not wash.

The short of it is that there are only two appealable orders here: Judge Saylor's transfer order and Judge McConnell's dismissal order. To challenge either one, the plaintiff would have to present, at a minimum, some developed argumentation addressed to the relevant order. See <u>Casillas-Díaz</u> v. <u>Palau</u>, 463 F.3d 77, 83 (1st Cir. 2006) (stating that litigants have an "unflagging obligation to spell out their contentions squarely and distinctly, or else forever hold [their] peace" (internal quotation marks omitted)); <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . ."); <u>see also</u> <u>Shelby</u> v. <u>Superperformance Int'l, Inc.</u>, 435 F.3d 42, 45 (1st Cir. 2006) ("A party's failure to designate a particular order for appeal ordinarily defeats a later attempt to dispute that order in the court of appeals."). When a party fails to develop even a ghost of an argument as to why a particular order is erroneous, any potential challenge to that order is ordinarily deemed waived. See <u>Borges ex rel. S.M.B.W.</u> v. <u>Serrano-Isern</u>, 605

F.3d 1, 6 (1st Cir. 2010); Zannino, 895 F.2d at 17. We have no occasion to depart today from this prophylactic rule.

We add a coda. While we might have the authority to stretch a point and read the plaintiff's frontal assault on the district court's jurisdictional views as an indirect attack on the transfer order, we are reluctant to do so. After all, it is not our place to do a party's homework for her. An appellate court is entitled to have litigants present arguments face up and squarely, see Moses v. Mele, 711 F.3d 213, 217 (1st Cir. 2013), and the plaintiff has not done so here.

If more were needed — and we doubt that it is — we see no injustice in holding the plaintiff to the easily satisfied standard requiring the presentation of developed argumentation. The plaintiff could have argued that the transfer order constituted an abuse of discretion. Instead, her notice of appeal expressly disclaimed an intent to appeal the order to the extent it did anything more than reaffirm Judge Saylor's conclusion about jurisdiction.

In all events, showing an abuse of discretion would have been a heavy lift. Rhode Island is clearly the center of gravity of this case: the Club is located in Rhode Island and its owner is a Rhode Island corporation that does not operate elsewhere, the plaintiff's employment was performed entirely in Rhode Island, the alleged assault occurred there, and the parties agree that the

substantive law of Rhode Island governs the putative cause of action. Given this landscape, there is at least a substantial question as to whether a Massachusetts court could constitutionally exercise in personam jurisdiction over the Club. See generally Hanson v. Denckla, 357 U.S. 235, 253 (1958) (discussing "purposeful availment" requirement); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (discussing "minimum contacts" requirement). We think this mise en scene makes it extremely difficult to say that Judge Saylor abused his broad discretion in transferring the action.

Strategic choices have consequences. Where, as here, a party chooses to cast its lot with an argument that goes nowhere, it is not the proper function of a reviewing court, through some thaumaturgical feat of prestidigitation, to transmogrify that argument into one that the party might more rewardingly have made.

We need go no further. For the reasons elucidated above, the judgment is

**Affirmed.**