# United States Court of Appeals
## For the First Circuit

No. 14-2244

LOUISE DURAND,

Plaintiff, Appellant,

v.

DR. THERESA HARPOLD,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Christopher J. Trombetta and Law Office of Christopher J. Trombetta, on brief for appellant.
Sean E. Capplis, Sandra P. Wysocki Capplis, and Capplis, Connors & Carroll, PC, on brief for appellee.

December 7, 2015

**BARRON**, **Circuit Judge**.    Louise Durand appeals the District Court's dismissal of her 42 U.S.C. § 1983 claim against Dr. Theresa Harpold.  Durand alleges that Harpold violated Durand's federal constitutional rights when Harpold issued an order, pursuant to Mass. Gen. Laws ch. 123, § 12, authorizing Durand to be seized from her home and brought to a hospital for a psychiatric evaluation.  We affirm.

## I.

Harpold, Durand's co-worker at a Massachusetts Department of Mental Health facility in Norton, Massachusetts, issued the order after she was approached by another co-worker, Marleen Mills.[1]  Mills reported that Durand was having "visual hallucinations of worms coming out of her body and across telephone [lines]," had "been driving to parts unknown," had been "sending threatening texts" to Mills, had "not been attending to her blood sugar[, and] has diabetes and reported a [blood sugar level] of 30."

Harpold signed the § 12 order on this basis, certifying that there was a "[v]ery substantial risk" that Durand would injure herself.  Pursuant to the order, the police took Durand from her

---

[1] The facts are taken from the operative complaint, and are assumed true for the purpose of resolving the motion to dismiss. See Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009).

home and drove her to a hospital.  At the hospital, Durand was evaluated by a doctor, who found Durand lucid and released her.

## II.

The District Court dismissed Durand's § 1983 claim against Harpold for failure to state a claim that Harpold had violated her federal constitutional rights.  We review the District Court's dismissal de novo, construing all inferences in favor of Durand.  See, e.g., Moralez-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

Durand contends that she has stated a plausible claim that Harpold violated her right, under the Fourth Amendment, to be free from unreasonable seizures because Harpold violated Mass. Gen. Laws ch. 123, § 12, by (1) not evaluating Durand before issuing the order to have her seized and brought to the hospital; and (2) not contacting Durand to learn if she would refuse to be examined before issuing the order.  We disagree.

Durand alleges violations of Mass. Gen. Laws ch. 123, § 12, but a state law violation is not itself enough to render a seizure unreasonable for Fourth Amendment purposes.  See Boveri v. Town of Saugus, 113 F.3d 4 (1st Cir. 1997) (stating that a violation of state law is not "inherently sufficient" to support a § 1983 claim); see also Ahern v. McDonnell, 109 F.3d 809, 816-17 (1st Cir. 1997) (evaluating the constitutionality of a police officer's decision to seize the plaintiff pursuant to Mass. Gen.

- 3 -

Laws ch. 123, § 12, under the framework of "reasonableness"); McCabe v. Life-Line Ambulance Serv., 77 F.3d 540, 544-45 (1st Cir. 1996) (evaluating the constitutionality of a city's policy of allowing police to enter a home without a warrant to execute a civil commitment order issued pursuant to Mass. Gen. Laws ch. 123, § 12, under the framework of "reasonableness"). Durand's only argument that the state law violation she alleges does amount to a Fourth Amendment violation relies on precedent that does not stand for the propositions for which she cites it.

Contrary to Durand's contention, Rockwell v. Cape Cod Hospital, 26 F.3d 254, 257 (1st Cir. 1994), did not hold that involuntary confinement for compulsory psychiatric evaluation is a violation of the Fourth Amendment, or that placing an individual in custody absent satisfaction of Mass. Gen. Laws ch. 123, § 12, is "unquestionably a violation of the Fourth Amendment." In fact, Rockwell does not mention the Fourth Amendment at all. Nor do Carrion v. Singh, No. 12-CV-0360-JFB-WDW, 2013 WL 639040 (E.D.N.Y. Feb. 21, 2013), and Blyden v. N.Y.P.D., No. 05-CV-4740-SJF-LB, 2005 WL 3388609 (E.D.N.Y. Dec. 12, 2005), stand, as Durand alleges they do, for the proposition that "failure to follow [the] requirement[s] of [a] civil commitment statute cause[s] [an] involuntary examination to be in violation of the Fourth Amendment." Those cases held that, where the plaintiffs had not alleged that the defendants had failed to comply with New York's

- 4 -

governing legal standard for civil commitment, and where that legal standard had been interpreted to comport with constitutional requirements, the plaintiffs had failed to state a claim that their civil commitment in New York violated the Fourth Amendment. Carrion, 2013 WL 639040, at *8; Blyden, 2005 WL 3388609, at *3; see also Glass v. Mayas, 984 F.2d 55, 57 (2d Cir. 1993) (noting that "New York [civil commitment] law has been interpreted to require a finding of dangerousness" in light of Supreme Court precedent regarding confinement of nondangerous individuals).

In sum, Durand does not address the limits the Fourth Amendment places on the need for warrantless seizure in the scenario at hand, even though the District Court dismissed her claim below for failure to identify the violation of a constitutional right (as opposed to the violation of a state law). Because Durand has failed to provide any developed argumentation regarding how Harpold's actions rendered Durand's seizure unreasonable for that particular purpose, her Fourth Amendment-based § 1983 claim cannot proceed. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders," and "a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988))).

Durand also argues that she has stated a plausible claim that Harpold violated her Fourteenth Amendment right to procedural due process.  But although Durand acknowledges that the violation of a state law is not in itself sufficient to demonstrate a violation the Fourteenth Amendment's guarantee of the right to due process, Durand makes no more than the conclusory allegation -- in one paragraph of her brief -- that Harpold's failure to comply with Mass. Gen. Laws ch. 123, § 12, "deprived Ms. Durand of her rights to procedural due process under the Fourteenth Amendment."  Thus, this argument, too, is not sufficiently developed to merit appellate review.  See Cioffi v. Gilbert Enterprs., Inc., 769 F.3d 90, 93 (1st Cir. 2014) (quoting Zannino, 895 F.2d at 17, for the proposition that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work").

For the foregoing reasons, the decision of the District Court is **affirmed**.